[This decision has been published in *Ohio Official Reports* at 94 Ohio St.3d 414.]

OFFICE OF DISCIPLINARY COUNSEL *v*. WALLACE.

[Cite as *Disciplinary Counsel v. Wallace*, 2002-Ohio-1240.]

*Attorneys at law–Complaint charging attorney with practicing law while under suspension dismissed, when.*

(No. 01-1136—Submitted August 28, 2001—Decided March 6, 2002.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 00-96.

_____

LUNDBERG STRATTON, J.

{¶ 1} On May 31, 2000, we suspended respondent, Paul Wallace of Columbus, Ohio, Attorney Registration No. 0010369, from the practice of law for six months. *Disciplinary Counsel v. Wallace* (2000), 89 Ohio St.3d 113, 729 N.E.2d 343. On December 4, 2000, relator, Disciplinary Counsel, filed a complaint charging that in June 2000, while he was under the order of suspension, respondent not only engaged in certain actions that constituted the practice of law but also failed to inform opposing counsel of his suspension. Respondent answered and admitted that he had taken the actions as alleged. However, respondent claimed that they were ministerial, did not involve the practice of law, and that the counsel who were not informed of his suspension were not opposing counsel. The matter was submitted to a panel of the Board of Commissioners on Grievances and Discipline ("board").

{¶ 2} The stipulations and the board's findings reveal the following facts. In 1999, respondent began representing Gerald Ioannides by negotiating Ioannides's purchase of Crossridge, Inc., a company that had operated a landfill. As part of the deal, Crossridge was to assign its permit to operate the landfill to Ioannides. However, before the permit could be assigned to Ioannides, the

Environmental Protection Agency required Ioannides to pass a background check with the Environmental Background Investigative Unit of the Ohio Attorney General's Office ("EBIU"). Accordingly, respondent prepared the background investigation documents and submitted them to the EBIU on March 8, 2000.

{¶ 3} Pursuant to a May 31, 2000 order from this court, respondent began notifying clients (including Ioannides), courts, and opposing counsel of his suspension from the practice of law. Consequently, Ioannides made arrangements with Peter Precario to represent him in the acquisition of Crossridge and the transfer of the permit. However, Precario did not take over representation until July 17, 2000. On June 7, 2000, Assistant Attorney General Ann Wood notified respondent by phone that the EBIU had not received all the documents needed to complete its investigation of Ioannides. In response, on June 9, 2000, respondent faxed a copy of the assignment of purchase agreement to the EBIU. In July 2000, respondent received a message from Wood that again sought certain documentation for the Ioannides investigation. Respondent attempted to contact Wood to determine what documentation was still missing. However, Wood was not in the office, so respondent left a voice mail inquiring as to the status of Ioannides's file. During these contacts, respondent never informed Wood or the EBIU that he was suspended from practicing law.

{¶ 4} The panel found that respondent's communication to Wood in June 2000 that he would again supply the documents that he had previously furnished to the EBIU and his voice mail message to Wood asking her whether she had the "complete package," together with the use of his letterhead as a cover for transmitting documents to the EBIU by ordinary mail, were not the practice of law.

{¶ 5} The panel then concluded that by not informing Wood and the EBIU of his suspension in his various communications with them, respondent technically violated DR 1-102(A)(6) (a lawyer shall not engage in conduct adversely reflecting

on the lawyer's fitness to practice law).  The panel recommended that respondent receive a public reprimand.

{¶ 6} The board adopted the findings, conclusion, and recommendation of the panel.

{¶ 7} We adopt the board's findings and conclusion that Wallace was not practicing law when he provided documentation to the EBIU.  However, we do not adopt the board's conclusion and recommendation that Wallace violated DR 1-102(A)(6) by not informing Wood or the EBIU of his suspension.

{¶ 8} This court's order suspending respondent required that he do the following:

"1. Notify all *clients* being represented in pending matters * * * of his suspension * * * and * * * notify clients to seek legal service elsewhere * * *;

"* * *

"4. Notify *opposing counsel* in *pending litigation* or, in the absence of counsel, the adverse parties, of his disqualification to act as an attorney after the effective date of this order * * *." (Emphasis added.)

{¶ 9} Upon notification of his suspension, respondent began complying with the order by notifying his clients, including Ioannides, of his suspension. However, this order did not require Wallace to notify either Wood or the EBIU of his suspension because respondent was *not involved* in litigation on behalf of his client with either Wood or the EBIU.  The process of providing documents to the EBIU so that it could complete its background check was not litigation and merely involved resubmitting background investigation documents on behalf of Ioannides to the EBIU, which was a ministerial act.  As the board found, respondent's submission of additional documents to the EBIU was not even the practice of law.

{¶ 10} Therefore, because the respondent's actions herein were not litigation, Wood was not an opposing counsel, the EBIU was not an opposing party, and merely providing missing documentation to the EBIU was not practicing law,

we find that the respondent was under no obligation to notify either Wood or the EBIU of his suspension pursuant to this court's order.  As a result, we find that respondent did not violate DR 1-102(A)(6).  Accordingly, we dismiss the charges against respondent.

*Cause dismissed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY and PFEIFER, JJ., concur.

COOK, J., concurs in judgment.

––––––––––––––––

*Jonathan E. Coughlan*, Disciplinary Counsel, and *Kenneth R. Donchatz*, Assistant Disciplinary Counsel, for relator.

*Nelson E. Genshaft* and *Benson A. Wolman*, for respondent.

––––––––––––––––